Coderre v. Wallinford Good morning, Your Honors. Joseph Burns of Roll, McGuigan & Hartford for the Gerald Coderre. Mr. Coderre brought this action claiming his Fourth Amendment rights were violated when he was arrested by Wallingford Police Department in connection with a shoplifting incident. And the gravamen of this case boils down to the arrest warrant affidavit prepared by the investigating officer, Gabriel Garcia. Our position is that Officer Garcia made material misrepresentations and omissions from the arrest warrant affidavit that was submitted to the court for consideration. And we believe that the District Court below erred when it failed to draw reasonable inferences from the evidence that would have been in the favor of Mr. Coderre as the non-movement. Do you agree that there's a strong resemblance between the person who is on the video and the person in his DMV photo? No, I don't, Your Honor, and for a couple of reasons. One, clearly the coloring in the beard is different. That's even conceded by the defendants in this case. In his decision... The District Court says that even with the coloring difference, which is attributable, it is easily attributable to camera differences, everybody's television picks up things differently. It's a remarkable resemblance to the driver's license photograph. Your Honor, there is a resemblance. However, I would put to you... We're talking about probable cause now. Yes, Your Honor, but in the totality of the circumstances with regard to that particular aspect of the case in terms of the comparison by Officer Garcia... There was also something to connect him to a similar theft of a vacuum cleaner two days earlier. His car, his pickup truck was apparently there. There was a connection with Mr. Coderre and the theft of a vacuum cleaner at another store. Why isn't, you know, the resemblance, the pickup truck, why isn't that sufficient for probable cause? The allegation is that there was a theft of a... there were multiple thefts of vacuum cleaners. You pointed out, David, and there's one theft that they've got information of, but it's a few days before and they link him to it. So why, when that correction is done, isn't there still probable cause? Well, the correction, the correct correction, Your Honor, would be that there was an alleged attempt at a theft. There was no theft on that particular occasion and that the green pickup truck that was identified in connection with that attempt was connected to Mr. Coderre. There was a red pickup truck and this, we believe that this is significant. The vehicle involved in the Wallingford incident was a red pickup truck. COLE employees indicate, oh well, we've had a lot of thefts at the Plainville store involving both red and Plainville PD, and the only information that he obtains concerning Mr. Coderre relating him to anything going on in Plainville connects him to an attempt, a vague attempt, apparently, at stealing something, perhaps a vacuum, and his being present at the scene in his own green pickup truck. There's no reference to that no reasonable police officer on these facts would have believed there was probable cause. Correct, Your Honor, given the totality of the circumstances and what else is omitted here is the fact that there were available eyewitnesses to this theft in Wallingford that were never shown this photograph, the same photograph that Officer Garcia reviewed in order to identify. Can we just go back to the two pickup trucks? Yes, Your Honor. You say it was green in Plainville, red in Wallingford, right? But didn't the Plainville account say that there were two pickup trucks involved, a red and a green one? No, Your Honor. That's what the employees from the Plainville strike said. They said they had a lot of these at Plainville involving red and green pickup trucks. It was from Dowling, who was a Kohl's store loss prevention manager. Correct. He said we had three similar shoplifting incidents at the Plainville store, the store involving a red pickup truck and a green pickup truck. I thought you just said that, oh, it couldn't have been the same truck because it was a green one that he owned and it was a red one that was spotted in Plainville. But in Plainville they said both color, right? In Plainville they did say the both of color, but the the follow-up with Plainville Police Department revealed no evidence of a red pickup truck being involved in the Plainville thefts. And the only involvement with, again, with Mr. Coderre involved an attempted theft involving a green pickup truck. And so the it's it's the it's the inference that other that there are there is a a ring of thieves going around to Kohl's involving red and green pickup trucks. And and Coderre must be a part of that because here we have a red pickup truck. We have a guy who vaguely looks like the the video image. And the point I was going to make about the video image, the wearing of a goatee in 2007 in the United States by a person of average, a Caucasian individual of average height and weight, is not a very distinctive trait. And the fact, the mere fact, that it that it was was similar where the color was completely off and never mentioned to the magistrate, we believe both the the absence of that, the failure to identify the existence of available eyewitnesses, the the the improper... Another fact, in addition to his truck being at the other site at and about the time of the attempted robbery, the photograph of him, the photograph comparison, as your client has a record for robberies. Again, we're talking about whether these factors combine to allow an officer to think he has probable cause. And you're saying no. So do you want to tell us why that factor doesn't also weigh in the balance? Your Honor, it it it weighs in the balance, but I don't think that a, again, we're talking about a reasonable officer with... A reasonable officer deciding probable cause, not proof beyond a reasonable doubt. Probable cause. His vehicle is at the scene of the first attempted robbery. A photograph of the robber bears a resemblance to him and he has a record for the precise type of crime that we're now at under investigation. Well, he has he has a he has a record of larceny. Yes, Your Honor. Well, as opposed to drug trafficking or violent crimes or something like that, he's got a record for this kind of crime. Our position is, Your Honor, no, I don't believe that that amounts to probable cause under all of these circumstances. Did he fail to report to his probation officer, too? He did. Didn't the police officer contact the probation officer and say, I don't know where he is, he hasn't reported to me like he should have? That is correct. Around this time, too, right? On the day of the warrant application, yes. He made that call. Thank you, Mr. Brice. Thank you. Judges of the Court of Appeals, good morning. My name is Tom Gerard and I'm arguing this morning on behalf of the defendants. As Your Honors know, this case involves an arrest pursuant to a valid warrant based on probable cause, so we are dealing with the corrected affidavits analysis analyzed by this court many times. It bears repeating at the outset that the corrected affidavits test requires a plaintiff to prove that Officer Garcia's affidavit was designed to mislead the reviewing magistrate by including false information or by omitting material information. And I think it's clear from our record that Officer Garcia has done neither. If we look at his investigation, it's a logical progression of an investigation from beginning until the point of arrest, and it's set forth in his warrant. He responded to Kohl's, he spoke to a loss prevention officer, he looked at a video of a man leaving a store with a vacuum cleaner, he learned that vacuum cleaners were stolen from other nearby Kohl's stores, and he learned that there was a report from the Plainville Kohl's that there was an attempted larceny of a vacuum, and the person associated with the attempted larceny walked out into a green pickup truck, they got the plate of it, and they ran the plate, and the name of the owner of that green pickup truck is Gerald Coderre. So it's a perfect place to start for an investigating officer of the Wallingford theft. He gets the DMV photograph of Gerald Coderre, goes back to the video, puts them side by side, and lo and behold, he says, that's the guy, that's the man. It was a red pickup truck at Wallingford, right? Well, the video shows the man that we say is Coderre walking out and getting into the passenger side of a red pickup truck. So it's undisputed that we heard from loss prevention that there were red and green pickup trucks involved in previous thefts, but it was a green pickup truck only in the attempt larceny in the one report we have, and in the Wallingford larceny, the one we're talking about now, Coderre walks out of Kohl's and gets into the passenger side of a red pickup truck, so arguably that's his partner in crime. But it's not exculpatory, certainly, but the point is, the whole point— It was parked in the fire lane, too, right? Wasn't it at Plainville? Yeah, it was parked in a place where he could get right into it and they could leave, so it was right in front of the store. Was it relevant? It was early in the morning and it was in a fire lane, too. Is that relevant? It piles onto the table. I don't think it—I'd say it's certainly relevant, yes. I wouldn't say that's the only thing we would rely on, but certainly that's where a getaway car would park. He walked right into it. There's no question this was a theft. The video—and Your Honors have this. You can look at it. We've submitted it to the court and match it right up to the photograph. Although it's really hard to find a VCR, by the way. We struggle with that, but the district court in New Haven figured it out somehow. I'm hoping you can because it's really hard to— We found one, but it was a struggle is all I'm saying. All right. I'm happy about that because it's hard to put into words how Judge Meyer felt after he looked at this video, but he used the words, strikingly—overwhelmingly similar, nearly identical facial features, and it just flat out looks like the same person, and that's all Officer Garcia represented in his warrant. I believe this is the same man, but to add to Judge Radji's list of undisputed facts, when he learned that Gerald Coderre was the owner of the truck and he matched up with the video, he then ran his record. He had ten prior larcenies. He was on parole at the time. He contacts his parole officer. The parole officer says he hasn't reported. He was on the methadone program, and he hasn't— I don't believe he's going there anymore, and he is a suspect of vacuum cleaner thefts in three other stores. So if there's any, like, inferential taint from the way we described what happened in Plainville, that's completely superseded by a parole officer telling our officer, this man is a suspect of vacuum cleaner thefts in three other stores. That's an undisputed fact. There's no claim that that needs to be corrected out of the affidavit or anything like that. So in terms of—and there's no claim the video's not authentic or that it's doctored, so under Scott v. Harris, we can accept the video as the facts of what happened. I will say to your honors, for comparison purposes, there actually are two photographs in our record of the DMV license, a bad one and a good one, I'll call it. J.A. 89, Appendix 89, is a black-and-white, not-so-good copy, but Joint Appendix 333 is the digital color photo.  Joint Appendix 333 is a crystal-clear photograph of Gerald Coderre. And I would say this, that certainly, as your honors raised, we're talking about probable cause here. Maybe the day will come where a lawyer can convince a jury that the likeness is not so similar that there's proof beyond a reasonable doubt. But we're talking about probable cause here, and this all adds up to probable cause. It's certainly, going back to the corrected affidavit standard, it cannot be said that Officer Garcia submitted an affidavit that was designed to mislead a reviewing magistrate by saying, I believe this is the same guy. One comment with respect to the omission. The claimed omission is there's a cashier at the store, and the police talked to her, and she said, I remember someone walking out with a box, a large box, but I can't provide a description. So we're being criticized for not going further, saying, well, why didn't you show her photographs? Maybe she can identify or disidentify Coderre. That really isn't appropriate for a police officer who has a witness who says, I cannot provide a description to start putting photographs in front, and I can imagine if she picks someone out, and the history is her first statement was, I can't provide a description. So he chose not to do that. That's all judgment and discretion that the police officers have as to how they'll proceed with their investigation. So in sum, the corrected affidavits test adds up to at least arguable probable cause that Gerald Coderre was the person responsible for this theft. The state law claims follow this federal analysis. There's intentional infliction and negligent infliction of emotional distress. And in the presence of probable cause, you cannot say that the police officer's actions were extreme or outrageous or beyond the bounds of civilized society. It was a probable cause, a rest on good faith. Otherwise, I'll rely on my papers. Thank you very much. Thank you. Mr. Burns, you did reserve a few minutes. Yes, Your Honor. I would just like to address the issue concerning the requirement to demonstrate a design to mislead. But that same standard also talks about or with a reckless disregard. And we believe that, again, the totality of the construct of the affidavit would allow a reasonable inference that Officer Garcia was reckless in presenting what the actual results of his investigation were versus what he actually put down. We make note of the discrepancy as to when he actually took a look at Mr. Coderre's criminal history. It's seemingly unfathomable that Officer Garcia, having— How is that relevant? And therefore, how would it be reckless to have misstated it? Well, I think— I don't think that you could argue recklessness without showing that it was in some way material. Well, I think it's material in that he specifically dates his review of the criminal history as March 12th, the date that he is putting together the affidavit. That's kind of the last thing that I'm doing. I'm looking at a criminal history and, oh, lo and behold, this guy has a prior record of larcenies. So how is knowing that earlier in some way helpful to your client? Well, I think that it goes to the reasonable officer analysis. I think you need to show recklessness. You have to show that he took a fact that would be pertinent if it had happened at an earlier time and was totally reckless in reporting when it did happen. But if it doesn't matter when he found it, then the recklessness wouldn't be demonstrated. What else? What else do you think shows recklessness besides his timing on when he learned that your client had a record for robbery? A misrepresentation as to the report having received from Plainville Police Department that tying Mr. Coderre's vehicle into multiple larcenies. That was simply false. He didn't get it. Do you dispute that his probation officer reported to Officer Garcia that he was under investigation for multiple robberies?  No, no, I don't dispute it. Okay, so he represented that it was in the Plainfield report when in fact he had learned that from the probation officer. Is that it? I don't think that there's any evidence that the probation officer identified him as being a suspect in any thefts from Plainville. No, but had reported that he was a suspect in multiple vacuum cleaner robberies. We cannot dispute that, no. All right, thank you very much. Thank you all. We're going to take that case under advisement and we'll